No. 23-5111



UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUL 15 2024

RECEIVED

# In The United States Court of Appeals for the District of Columbia Circuit

David Alan Carmichael; Lawrence Donald Lewis,

Plaintiffs-Appellants

v.

Antony L. Blinken, in his official Capacity, Succeeding Michael Richard Pompeo as Secretary of State; The United States Department of State; The United States; Co-Conspirators (Pseudonym)

Defendants-Appellees

**On Appeal From**
Appeal from the United States District Court for the District of Columbia
Case No 1:19-cv-02316-RC

The Honorable Rudolph Contreras

**Appellants' Petition for Rehearing**

(Unrepresented)

23-5111
Appellants' Petition for Rehearing

## TABLE OF CONTENTS

Table of Contents ..................................................................................i

Table of Authorities ............................................................................. ii

RFRA IS A WAIVER OF SOVEREIGN IMMUNITY ...........................3

OUR CLAIM AGAINST THE PEOPLE WITH THE PSEUDONYM ....5
"CO-CONSPIRATORS" REMAINS WITHOUT ADJUDICATION

ARTICLE III STANDING IS ESTABLISHED......................................8

CASE IS NOT MOOT WHERE DAMAGES RELIEF IS DUE .............8

OTHER MATTERS NOT WAIVED .....................................................13

Certification of compliance and signatures .........................................14

# 23-5111

# APPELLANTS' PETITION FOR REHEARING

# TABLE OF AUTHORITIES

United States Constitution, Article III .................................................. 1, 2, 8, 10, 11
    *Judiciary*

Fifth Amendment ............................................................................................. 2
    *Due Process*

**United States Supreme Court**

\* *Aptheker v. Secretary of State* ...................................................................... 2
    378 U.S. 500 (1964)

*Birdsdall v. Coolidge* .................................................................................... 10
    93 U.S. 64 (1876)

*Dugan v. Rank* ............................................................................................ 2, 3
    372 U.S. 609, 621 (1963)

*Ex Parte New York* .......................................................................................... 3
    256 U. S. 490, 256 U. S. 502 (1921)

*Kent v. Dulles* ................................................................................................. 2
    357 U.S. 116

*Land v. Dollar* ................................................................................................ 3
    330 U. S. 731, 330 U. S. 738 (1947)

*Larson v. Domestic & Foreign Corp.* ............................................................ 3
    337 U. S. 682 (1949)

\* *Marbury v. Madison* ................................................................................ 9, 10
    1 Cranch 137 (1803)

*Spokeo, Inc. v. Robins* ...................................................................................................8
    578 U.S. 330 (2016)

*Memphis Community School Dist. v. Stachura* ......................................................13
    477 U.S. 299 (1986)

*Trump v. United States* ...............................................................................................9
    603 U.S. \_\_\_\_\_ (2024, Slip Op.)

* *Uzuegbunam, et al., v. Preczewski, et al.* ........................... 1, 2, 3, 4, 8, 11, 12, 13
    592 U.S. \_\_\_\_\_ (2021)

## United States Court of Appeals

*Abbot v. Bralove* ...........................................................................................................2
    176 F.2d 64, 85, U.S. App. (D.C. 1949)

*Continental Distilling Corp. v Old Charter Distillery Co.* ...................................12
    188 F.2d 614 (U.S. App. D.C. 1950)

* *United States v. Trump* ....................................................................................9, 10
    91 F.4th 1173

*Walling v. Mutual Wholesale Food & Supply Co.* ..................................................11
    141 F.2d 331 (C.C.A. Minn. 1944)

*Webb v. Portland Mfg. Co.* .......................................................................................12
    29 F.Cas. 506 (CC Me. 1838)

* *Webman v. Federal Bureau of Prisons* ..........................................................2, 3, 4
    441 F.3d 1022 (D.C. Cir. 2006)

## Courts of England Reports

*Barker v. Green* ..........................................................................................................12
    130 Eng. Rep. 237 (C. P. 1824)

*Dods v. Evans* ........................................................................................................12, 13
    143 Eng. Rep.929 (C. P. 1864)

*Hatch v. Lewis* ............................................................................................................ 12
    175 Eng. Rep. 1145 (N.P. 1861)

*Marzetti v. Williams* ................................................................................................... 12
    109 Eng. Rep. 842 (K. B. 1830)

**United States Statutes**

*Federal Tort Claims Act* (FTCA) ............................................................................ 5, 8
    28 U.S.C. § 1346

*Religious Freedom Restoration Act* (RFRA) ........................................ 3, 4, 5, 7, 8, 10
    42 U.S.C. §2000bb

**Federal Rules of Appellate Procedure**

Rule 40 .............................................................................................................................. 1
    *Petition for Panel Rehearing*

## APPELLANTS' PETITION FOR REHEARING

1. On May 30, 2024, the United States Court of Appeals for the D.C. Circuit dismissed the appeal, Case no. 23-5111, Doc. #2056948. Because the court completely evaded the issue that establishes Article III standing, rehearing is demanded. Pursuant to Rule 40(a), FRAP, the deadline for the motion is 45 days. July 14, 2024, would be the forty-fifth day, but it is the Lord's day, a Sunday. Therefore, we meet the deadline, filing on or before July 15, 2024.

2. <u>Our appeal brief, p. 17 of 48, is correct where we said</u>, "In the case of *Uzuegbunam, et al., v. Preczewski, et al.*, the Supreme Court declared that the Government's discontinuance of a challenged policy did not leave the injured party without standing to sue. Nominal money relief is available even where an amount of compensatory damages cannot be proved, satisfying the redressability necessary for Article III standing where a plaintiff's claim is based on a completed violation of a legal right. *Uzuegbunam, et al., v. Preczewski*, et al., 141 S.Ct. 792, 797-802 (2021)" (23-5111, Doc. #2036576, pp. 16-17, ¶s 20.). Yet the circuit court is silent on our argument just as was the district court. **This point justifies the rehearing. It calls for the reversal of the circuit court's dismissal order. It warrants our demand for the vacating of the district court dismissal. The mandate must compel adjudication of the complaint with full discovery in order to reveal the names, duties, and unlawful acts of the co-conspirator tortfeasors who are not**

1

**immune from liability whether or not the United States is liable for damages.**

3. Neither the district court nor the circuit court can be excused for not applying the rule of *Uzuegbunam* when it was presented to them.

> Court of Appeals has power not only to correct error in judgment under review, but to make such disposition of case as justice requires, and in determining what justice does require, court is bound to consider any change, either in fact or in law, which has supervened since judgment was entered. *Abbot v. Bralove*, 176 F.2d 64, 85, U.S. App. (D.C. 1949)

4. The appeal brief explained that the unlawful revocation and denials of our passports caused us to be in a state of *writ ne exeat republica* without due process in violation of our constitutionally protected rights (Appeal Brief, 23-5111, Doc. #2036576, p. 9., ¶ 26).

> The United States of America - "The right to travel is a part of the `liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment. . . . Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage. Travel abroad, like travel within the country, . . . may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." *Aptheker v. Secretary of State* at 505-506 citing *Kent v. Dulles*, 357 U.S. 116 at 125-126. . . . "The substantiality of the restrictions cannot be doubted. The Denial of a passport, given existing domestic and foreign laws, is a severe restriction upon, and in effect a prohibition against, world-wide foreign travel." *Aptheker* at 507

5. We suffered injury due to the unlawful acts of the rogue unnamed tortfeasor co-conspirators. That is a case and controversy for Article III jurisdiction, and for the remaining monetary relief that is due. Even if the circuit court were correct in its reliance upon *Webman v. Federal Bureau of Prisons*, 441 F.3d 1022 (D.C. Cir.

2006), saying that the United States as a party is not liable for money damages under the Religious Freedom Restoration Act (Hereinafter, "RFRA"), the co-conspirator tortfeasors acting under the color of law are liable for money damages.

## RFRA IS A WAIVER OF SOVEREIGN IMMUNITY

6. When reading *Webman v. Fed. Bureau of Prisons,* 441 F.3d 1022 (D.C. Cir., 2006), cited by the circuit court, it appears that <u>the circuit court is wrong</u> about RFRA not waiving sovereign immunity regarding money damages. The dissenting judge in *Webman* expressed the logic that if injunctive relief is considered "appropriate relief" then other relief in the form of money is contemplated. The Supreme Court took that logic further and made it the rule in *Uzuegbunam* which appropriately supplants the D.C. Circuit's ruling in *Webman*.

7. We briefed this in our reply to the government's response to our appeal brief, and the circuit court evaded addressing the merits of our position on pages 5-7 of our Appellants' Reply. We initiated the discussion saying that the district court had to take jurisdiction over the otherwise Sovereign United States when the district court ordered the United States to issue Lewis's passport. (Appellant Reply, 23-5111, Doc. #2044643, pp. 5-6, ¶14)

> The general rule is that a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," *Land v. Dollar,* 330 U. S. 731, 330 U. S. 738 (1947), or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act." *Larson v. Domestic & Foreign Corp., supra,* at 337 U. S. 704; *Ex parte New York,* 256 U. S.

3

490, 256 U. S. 502 (1921). *Dugan v. Rank*, 372 U.S. 609, 621 (1963)."" (Appellant Reply, 23-5111, Doc. #2044643, pp. 5-6, ¶15)

8. We went on to address the government's argument regarding the *Webman* rule. We pointed out that the district court and the government Defendant did not deny that RFRA's "appropriate relief" provided injunctive relief described by *Dugan*, at 621. We then addressed the circuit court's *Webman* decision where we expressed that RFRA's application of "appropriate relief" argued against its position that RFRA does not waive Sovereign immunity:

> Nobody denies that RFRA's "appropriate relief" provides injunctive relief described by *Dugan* at 621, citing Larson as "to restrain the Government from acting, or to compel it to act", which is described as "interfere with the public administration" in *Dugan* at 621 citing Land. The D.C. Circuit admits "No one disputes that BOP and other arms of the federal government may be sued for at least some forms of relief under RFRA. *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025 (D.C. Cir., 2006). Without any justification from the words in the RFRA, the *Webman* court said, "We therefore hold that RFRA does not waive the federal government's sovereign immunity for damages." Id. at 1027. Circuit Judge Tatel showed the illogic of the *Webman* opinion and the reasonable logic of why the RFRA's appropriate relief includes damages as appropriate relief against the government Sovereign. ""Interpreting such a statute to authorize only equitable relief would make little sense: . . . It thus makes no difference that the hypothetical statute does not expressly authorize damages, for the type of injury the statute addresses makes clear that damages are "appropriate." *Webman* at 1027." (Appellant Reply, 23-5111, Doc. #2044643, p. 6, ¶16)

9. The circuit court just completely ignored our substantive argument that indicates *Webman* is overturned by the overruling Supreme Court decision in *Uzuegbunam v. Preczewski*. We said: "The complaint read as a whole, shows that damages relief was pled. It is owed by the Sovereign, or the "co-conspirators" or

4

both." (Appellant Reply, 23-5111, Doc. #2044643, p. 6, ¶17)

## OUR CLAIM AGAINST THE PEOPLE WITH THE PSEUDONYM "CO-CONSPIRATORS" REMAINS WITHOUT ADJUDICATION

10. Our complaint, several memoranda, and our appeal filings pointed out that we filed a case against a person whose name could not be known without the process of discovery. We listed Mr. Pompeo in his "official" capacity but we also named co-conspirators that did not have a name, nor were identified as in an official capacity. We understood at the writing of the complaint that it was the opinion of the courts that Mr. Pompeo is immune from liability when acting in his official capacity. The United States, by act of Congress in the Federal Tort Claims Act might be liable should we be injured by a wrong act that was performed by Mr. Pompeo or his delegate who acted in their ministerial official capacity. However, if one of Mr. Pompeo's employees acts merely under the color of their office, violating the law, willingly and knowingly injuring us in our life, liberty and other rights, they are liable for damages to provide us compensation and other relief. We understood that the United States, and Mr. Pompeo acting for the United States, is perfect. They are the law. They cannot violate the law in their official capacity since their acts are a function of the powers established pursuant to the Constitution of the United States of America. But if an imperfect statute, regulation or procedure compels an employee to injure us, the United States is liable for appropriate relief according to RFRA.

11. The "co-conspirators" cannot be acting on behalf of the United States or Mr. Pompeo in his official capacity but are acting only under the color of their office. The definition of conspirators is "persons partaking in conspiracy."[1] The definition of conspiracy is: A combination or confederacy between two or more persons formed for the purpose of committing, by their joint efforts, some unlawful or criminal act, or some act which is lawful in itself, but becomes unlawful when done by the concerted action of the conspirators, or for the purpose of using criminal or unlawfully means to the commission of an act not in itself", *Idem*. Now that we've had five years of on-the-fly 'introduction to legal writing' we would plainly use the preface "not-in-their-official-capacity-conspirators" rather than just presuming that everyone, especially the legal-expert court understands that a conspirator cannot be acting in an official capacity. We sufficiently raised the claim in our complaint and other filings that "co-conspirators" meant tortfeasors in their private capacity acting under the color of their office. The Defendants and courts have waived contesting our claim regarding it.

12. In the circuit court, our Statement of Issues to Be Raised, 23-5113, Doc. # 2004141, evinces that ours is a complaint against tortfeasors who are subject to damages liability in their private capacity where we said:

---

[1] *Black's Law Dictionary,* Abridged Sixth Edition by Henry Campbell Black, M.A., West Publishing Co., 1991

6

a. "Discovery needs to be compelled to expose the malevolent, name-cloaked actors for damages liability and judgment on the merits" (*Idem*, p.3, ¶3. g.).

b. ""5. e. Compensatory, punitive, or nominal damages are due each of the Appellants from either the United States or those in their personal capacity, referred to as "co-conspirators" whose names are cloaked thus far."" (*Idem*, p. 4, ¶5. e.)

c. "Damages are due from private individuals as well as the United States." (*Idem*, p. 4, ¶7.)

d. "Each day of unlawful restraint, being denied a passport in violation of law, without lawful justification, by knowing, willful, negligent and malevolent conduct, and knowingly false statements to the court, using the color of lawful agency action as merely a means to legislate by bureaucrat, constitutes consecutive injuries for the sake of particular damages suffered by each Appellant and due them for various types of appropriate damages relief." (*Idem*, p. 11, ¶20.)

13. In the Appeal brief, 23-5111, Doc. #2036576, we said:

    a. "The case is not moot since: a) Adjudication and damages relief remains owed under RFRA;" (Idem, p. 1, ¶3. a))

    b. "The complainants used the term co-conspirators to indicate tortfeasors liable for damages in their individual capacity since their actual names were cloaked by pseudonyms such as p. 2 of 48 Customer Service Department." (*Idem,* p. 1, ¶3. e))

14. Whether or not we can obtain compensation up to five hundred thousand dollars as we complained, we are owed at least one dollar $1.00 as nominal damages under RFRA according to the United States Supreme Court. Both courts failed to address that issue squarely put to them. The appeal brief opening summary stated: ""Damages were demanded in the complaint. The complainants

7

used the term "co-conspirators" for the tortfeasors whose names were cloaked with pseudonyms such as "Customer Service Department." Money damages, including nominal, is "appropriate relief" under RFRA according to Uzuegbunam, et al., v. Preczewski, p. 15 of 48 592 U.S. ___ (March, 2021).""" (Idem, p. 14, ¶ 40.)

### Summary of Immunity Issue

15. We made allegations in the complaint, reiterated them in our filings, and the Defendants demonstrated even without discovery that their actions fulfilled the rule of *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016): that we are injured in fact, that the injury is traceable to the challenged conduct, and that money damages is likely to redress that injury, even if it is nominal. The "irreducible constitutional minimum" of Article III standing is satisfied. *Ibid*, at 338. The appeal brief showed where it was argued extensively in our district court filings (Appeal brief, 23-5111, Doc. #2036576, pp. 15-16, ¶s 41-44.). Just like the district court, the circuit court is silent.

### CASE IS NOT MOOT WHERE DAMAGES RELIEF IS DUE

16. In our complaint, and other filings in both courts, we alleged that the tortfeasors' actions were intentional, willful, malevolent, with hostility, and were causal to the violations of law, where the Religious Freedom Restoration Act, the Privacy Act, and the Federal Tort Claims Act, provide remedy and relief. (Am. Comp., ¶¶ 95, 108, 109, 110, 111, 112, Amend. Two ¶ 1., 2., 13, 18., 19, 20, 21,

25; 116, 118, 119, 124.f.-k, , 119, 125. 128, 140)(Appx. 107; 110-112; 116; 120-121; 126-127; 131-134; 137).  We said, "The Defendants' were **not** entitled to the grant of their motions for dismissal or summary judgment as a matter of law, fact, and due process (ECFs 44/45, 124/125, 149/150)(Appx. 1-70) since damages relief is due.  Culpability and relief will be proved upon completion of discovery. Review is *de novo.*" Regarding immunity, the Supreme Court Chief quoted the D.C. Circuit in the case of *United States v. Trump,* 91 F.4th 1173, saying:

> Citing *Marbury v. Madison*, 1 Cranch 137 (1803), the court distinguished between two kinds of official acts: discretionary and ministerial. 91 F. 4th, at 1189–1190. It observed that "although discretionary acts are 'only politically examinable,' the judiciary has the power to hear cases" involving ministerial acts that an officer is directed to perform by the legislature. Ibid. (quoting *Marbury, 1 Cranch*, at 166). ." *Larson v. Domestic & Foreign Corp., supra*, at 337 U. S. 704

17. The D.C. Circuit's opinion in United States v. Trump, citing *Marbury v. Madison*, explained that immunity does not apply when the government officer fails to act lawfully when they have a duty to act and there is injury to the person who suffers from the unlawful behavior of the government officer:

> *Marbury* distinguished between two kinds of official acts: discretionary and ministerial. As to the first category, Chief Justice Marshall recognized that "the President is invested with certain important political powers, in the exercise of which he is to use his own discretion, and is accountable only to his country in his political character, and to his own conscience." *Marbury*, 5 U.S. (1 Cranch) at 165-66. When the President or his appointed officers exercise discretionary authority, "[t]he subjects are political" and "the decision of the executive is conclusive." Id. at 166. Their discretionary acts, therefore, *1190 "can never be examinable by the courts." Id. "But," Chief Justice Marshall

9

continued, "when the legislature proceeds to impose on that officer other duties; when he is directed peremptorily to perform certain acts; when the rights of individuals are dependent on the performance of those acts; he is so far the officer of the law; is amenable to the laws for his conduct; and cannot at his discretion sport away the vested rights of others." Id. (emphases added). Under these circumstances, an executive officer acts as a "ministerial officer... compellable to do his duty, and if he refuses, is liable to indictment." Id. at 150; see id. at 149-50 ("It is not consistent with the policy of our political institutions, or the manners of the citizens of the United States, that any ministerial officer having public duties to perform, should be above the compulsion of law in the exercise of those duties."). Based on these principles, Chief Justice Marshall concluded that, although discretionary acts are "only politically examinable," the judiciary has the power to hear cases "where a specific duty is assigned by law." Id. at 166. Marbury thus makes clear that Article III courts may review certain kinds of official acts — including those that are legal in nature. *United States v. Trump*, 91 F.4th 1173, 1189-1190 (D.C. Cir. Feb. 26, 2024)

18. If, according to *Marbury* and the D.C. Circuit, the officer upon whom our rights are dependant violates the Constitution, statutes, regulations and the agencies written policies is "liable to indictment", he is therefore liable to civil damages for the same unlawful act. If by discovery, the tortfeasors "co-conspirators" can show that they were not flagrantly violating the law but were merely carrying out edicts that themselves were unconstitutional, the United States is responsible for compelling them to injure us. The United States is then liable for money damages that we claimed for appropriate relief under RFRA.

> Damages are given as a compensation, recompense, or satisfaction to the plaintiff, for an injury actually received by him from the defendant. 2 Greenl. Ev. (10th ed.) sect. 253. *Birdsall v. Coolidge*, 93 U.S. 64 (1876)

19. The remedial RFRA's use of the broad term "appropriate relief" means

10

damages payments are available for an injury-in-fact by the United States through its agents acting in their official capacity, or by its agents who are liable in their private capacity for their unlawful acts done under the color or law. Being stripped of our right to travel without warrant of law is an Article III injury. Carmichael's being stripped of his right to travel without notice of the government's intention to do so is an Article III injury. An opportunity to move for injunction would have kept the injury from occurring. The cowardly *Pearl Harbor* type notice of war (notice of revocation) after the attack is un-American. It is in the public interest to have the unlawful acts fully adjudicated.

> The discontinuation of an illegal practice by going out of business, or otherwise, after institution by a public agency of a proceeding to prevent future violations of law does not make question"moot," where there is need for a determination of a question of law to serve as a guide to the public agency in future similar matters, and where there has been a decision in lower court which may be used as a precedent in future activities of such public agency. *Walling v. Mutual Wholesale Food & Supply Co.*, 141 F.2d 331 (C.C.A. Minn. 1944)

20. Again, the circuit and district courts ignored the Supreme Court's rule declared in *Uzuegbunam, et al., v. Preczewski, et al.* ". . . discontinuance of a challenged policy does not leave the injured party without standing to sue. Nominal money relief is available even where an amount of compensatory damages cannot be proved, satisfying the redressability necessary for Article III standing where a plaintiff's claim is based on a completed violation of a legal right." *Uzuegbunam, et al., v. Preczewski*, et al., 141 S.Ct. 792, 797-802 (2021).

11

Neither court has that discretion.

>The United States Court of Appeals for the District of Columbia Circuit is bound by the rulings of the United States Supreme Court. *Continental Distilling Corp. v Old Charter Distillery Co.*, 188 F.2d 614 (U.S. App. D.C. 1950)

21. Nominal damages are "appropriate relief" if other monetary relief demanded is not provable, ECF 51, ¶s 143-148 (Appx. 139).

>Later courts, however, reasoned that *every* legal injury necessarily causes damage, so they awarded nominal damages absent evidence of other damages (such as compensatory, statutory, or punitive damages), and they did so where there was no apparent continuing or threatened injury for nominal damages to redress. See, *e.g.*, *Barker v. Green,* 2 Bing. 317, 130 Eng. Rep. 327 (C. P. 1824) (nominal damages awarded for 1-day delay in arrest because "if there was a breach of duty the law would presume some damage"); *Hatch v. Lewis,* 2 F. & F. 467, 479, 485-486, 175 Eng. Rep. 1145, 1150, 1153 (N. P. 1861) (ineffective assistance by criminal defense attorney that does not prejudice the client); *Dods* v. *Evans,* 15 C. B. N. S. 621, 624, 627, 143 Eng. Rep. 929, 930-931 (C. P. 1864) (breach of contract); *Marzetti* v. *Williams,* 1 B. & Ad. 415, 417-418, 423-428, 109 Eng. Rep. 842, 843, 845-847 (K. B. 1830) (bank's 1-day delay in paying on a check); *id.,* at 424, 109 Eng. Rep., at 845 (recognizing that breach of contract could create a continuing injury but determining that the fact of breach of contract by itself justified nominal damages). *Uzuegbunam, et al., v. Preczewski*, et al., 141 S.Ct. 792, 798 (2021). \*\*\*
>
>Applying what he called Lord Holt's "incontrovertible" reasoning, Justice Story explained that a prevailing plaintiff "is entitled to a verdict for nominal damages" whenever "no other [kind of damages] be proved." *Webb v. Portland Mfg. Co.,* 29 F.Cas. 506, 508-509 (No. 17,322) (CC Me. 1838). Because the common law recognized that "every violation imports damage," Justice Story reasoned that "[t]he law tolerates no farther inquiry than whether there has been the violation of a right." *Ibid.* Justice Story also made clear that this logic applied to both retrospective and prospective relief. *Id.,* at 507 (stating that nominal damages are available "wherever there is a wrong" and that, "[a] fortiori,

12

this doctrine applies where there is not only a violation of a right of the plaintiff, but the act of the defendant, if continued, may become the foundation, by lapse of time, of an adverse right"). *Uzuegbunam, et al., v. Preczewski*, et al., 141 S.Ct. 792, 798

22. Nominal damages are appropriate relief by default.

They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages. See, *e.g., Dods,* 15 C. B. N. S., at 621, 627, 143 Eng. Rep., at 929, 931 (prevailing plaintiff entitled to nominal damages as a matter of law even where jury neglected to find them); see also *Stachura,* 477 U.S. at 308, 106 S.Ct. 2537 (rejecting the argument that courts could presume, without proof, damages greater than nominal). *Uzuegbunam,* at 800

## OTHER MATTERS NOT WAIVED

23. We did not waive anything. The court's rules say we cannot merely repeat the record in our briefs. The circuit court's rules say we can't move for oral argument as non-lawyers. Word counts and presumed incompetence constrained our being able to raise our issue on Appeal in any more than merely a skeletal way. Therefore, the circuit court had a duty to do justice by scrutinizing the entire record. The things that the circuit court says we have not shown will be shown when due process through discovery is accomplished. Reversing the dismissal will be the first step to empowering us to "show" the culpability. Similar to *Trump v. United States*, the court has a duty to examine the nature of the conduct alleged. Actions discovered to be not immune must be subjected to liability and damages.

The foregoing petition for rehearing is submitted by Appellants David Alan Carmichael and Lawrence Donald Lewis, who affirm that this is our petition for rehearing and we certify by signature below that the word limit of 3900 according to the Microsoft Word 'word count' tool.

*[signature: David Alan Carmichael]*

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia (23664)

*[signature: Lawrence Donald Lewis]*

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho (83848)

FIRMLY TO SEAL    7016 2070 0000 5808 8657    20001    $14.25
RDC 03   0 Lb 13.90 Oz   S2324H500216-23

# UNITED STATES POSTAL SERVICE | PRIORITY MAIL

d delivery date specified for domestic use.

c shipments include $100 of insurance (restrictions apply).*

acking® service included for domestic and many international destinations.

international insurance.**

sed internationally, a customs declaration form is required.

oes not cover certain items. For details regarding claims exclusions see the
il Manual at http://pe.usps.com.

ational Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**RATE ENVELOPE**
E ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

KED ■ INSURED

00001000014   EP14F October 2023
OD: 12 1/2 x 9 1/2

**FROM:**

PRIORITY ★ MAIL ★   UNITED STATES POSTAL SERVICE

FROM: David Carmichael
1748 Old Buckroe Road
Hampton Va. 23664

TO: Clerk
United States Court of Appeals
333 Constitution Ave, NW
Washington, D.C. 20001

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE