**No. 23-5111**

---

**In The United States Court of Appeals
for the District of Columbia Circuit**

---

David Alan Carmichael; Lawrence Donald Lewis,

  Plaintiffs-Appellants

v.

Antony L. Blinken, in his official Capacity, Succeeding Michael Richard Pompeo as Secretary of State; The United States Department of State; The United States; Co-Conspirators (Pseudonym)

  Defendants-Appellees

---

**On Appeal From**
Appeal from the United States District Court for the District of Columbia
Case No 1:19-cv-02316-RC

The Honorable Rudolph Contreras

---

**Appellants' Joint Petition for Rehearing En Banc**

---

(Unrepresented)

# United States Court of Appeals
## For The District of Columbia Circuit
_____

**No. 23-5111**                                    **September Term, 2023**

**1:19-cv-02316-RC**

**Filed On:** May 30, 2024

David Alan Carmichael and Lawrence Donald
Lewis,

       Appellants

William Pakosz,

       Appellee

   v.

Antony J. Blinken, in his official capacity as
Secretary of State, of the United States of
America and United States of America,

       Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**   Wilkins, Childs, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, the motion to supplement the appendix, the opposition thereto, and the lodged supplemental appendix; and the unopposed motion to exceed the word limit, it is

**ORDERED** that the motion to supplement the appendix be denied. The documents in the lodged supplemental appendix are not part of the record on appeal. See Fed. R. App. P. 10(a) (defining contents of record on appeal). Nor have appellants shown that supplementing the record "would establish beyond any doubt the proper resolution of the pending issues" or otherwise would be "in the interests of justice." See Colbert v. Potter, 471 F.3d 158, 166 (D.C. Cir. 2006) (citation omitted). It is

**FURTHER ORDERED** that the motion to exceed the word limit be granted. The Clerk is directed to file the final opening brief lodged by appellants. It is

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 23-5111**                                    **September Term, 2023**

**FURTHER ORDERED AND ADJUDGED** that the district court's orders entered March 25, 2022, May 25, 2022, and March 20, 2023 be affirmed.  The district court correctly concluded that appellants' receipt of valid passports mooted their claims for equitable and declaratory relief.  See McBryde v. Comm. to Review, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot.").  Appellant Carmichael has not shown that reinstating his prior passport would provide him with any "meaningful relief."  See id.  Nor can appellants avoid mootness by alleging injury from being "harangued" by third parties, which is not an alleged injury upon which their complaint is based.  See Clarke v. United States, 915 F.2d 699, 703 (D.C. Cir. 1990) (plaintiffs resisting a mootness claim "must be estopped to assert a broader notion of their injury than the one on which they originally sought relief").  Moreover, appellants' allegations of injury to third parties do not show that an exception to mootness applies.  See Sands v. NLRB, 825 F.3d 778, 784 (D.C. Cir. 2016) (stating that appellant "cannot avoid mootness by asserting the rights of third parties when she herself fails to meet Article III's requirements"); see also Clarke, 915 F.2d at 704 (capable of repetition yet evading review exception requires showing of "a reasonable expectation that the same complaining party would be subjected to the same action again") (citation omitted) (emphasis added).  Similarly, appellants have not shown that there remains a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  See Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (cleaned up).

Additionally, the district court correctly dismissed appellants' claim for damages under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1, because appellants failed to identify a waiver of sovereign immunity for that claim.  See Webman v. Fed. Bureau of Prisons, 441 F.3d 1022, 1026 (D.C. Cir. 2006) (stating that "RFRA does not waive the federal government's sovereign immunity for damages").

Furthermore, Carmichael has not supported his argument that the district court abused its discretion in directing him to indicate how he would take possession of the passport that he mailed to the district court clerk's office.  Carmichael has pointed to no authority that the court was required to hold his passport.

Finally, appellants have forfeited any challenge to the district court's dismissal of their claims for damages under the Privacy Act, 5 U.S.C. § 552a, and the Fifth Amendment Due Process Clause.  See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").  It is

**FURTHER ORDERED AND ADJUDGED** that the appeal be dismissed as moot as to the district court's orders entered January 20, 2021 and April 19, 2021, and as to the May 7, 2021 order entering a dispositive motions schedule.  Appellants' receipt of

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 23-5111**                                    **September Term, 2023**

valid passports means the court can provide no "meaningful relief" as to these orders. See McBryde, 264 F.3d at 55.  It is

      **FURTHER ORDERED AND ADJUDGED** that the district court's order entered August 28, 2020 be affirmed in part and that the appeal of that order be dismissed as moot in part.  Appellants have forfeited any challenge to the district court's dismissal of their claims for damages under 42 U.S.C. § 408 and 18 U.S.C. § 241, and the order is affirmed as to the dismissal of those claims.  See Gov't of Manitoba v. Bernhardt, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way . . . .") (internal quotation marks omitted).  Additionally, the appeal of the order is moot insofar as the district court dismissed appellants' claims that appellees violated 22 U.S.C. § 2721 and Executive Order 13,798, their claim that 22 C.F.R. §§ 51.60 and 51.70 are unconstitutionally overbroad in violation of the Fifth Amendment, and their claim that appellees violated the First, Fifth, and Ninth Amendments by refusing to disclose the names of the employees who were involved in reviewing appellants' passport applications.  Appellants did not assert any right to damages arising from these claims.  Nor did they assert any right to equitable or declaratory relief arising from these claims other than the request for a valid passport and a declaration that the government's passport policy was unlawful.  Accordingly, any request for equitable or declaratory relief for these claims was mooted by appellants' receipt of valid passports.  See McBryde, 264 F.3d at 55.

      Finally, appellants argue on appeal that they asserted a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  However, appellants waived this argument by not asserting an FTCA claim in district court.  See Keepseagle v. Perdue, 856 F.3d 1039, 1053 (D.C. Cir. 2017) ("It is well settled that issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal.") (citation omitted).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

      **Per Curiam**

**23-5111**

**CERTIFICATE OF INTERESTED PERSONS**

The Petitioner (Plaintiff/Appellant) David Alan Carmichael, ECF Filer, hereby certifies the following listed persons may have an interest in the outcome of the decision of the court.  These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

**Parties who were or are petitioners, appellants, or plaintiffs:**

David Alan Carmichael – Petitioner/Appellant/Plaintiff

Lawrence Donald Lewis – Petitioner/Appellant/Plaintiff

Michelle Boulton – Appellant/Plaintiff in related case 22-5143

Rick Dale Hollingsworth – Apellant/Plaintiff in related case 22-5143

William Mitchell Pakosz – Plaintiff (deceased)

**Appellees**

Christopher Hair – Attorney, U.S. Department of Justice

Stephen DeGenaro – Attorney, U.S. Department of Justice

David James Byerley – Attorney, U.S. Department of Justice

Jonathan Rolbin – U.S. Department of State, Declarant

Kristia Watkins – U.S. Department of State, Declarant

Paul Peek – U.S. Department of State, Declarant

Steven Miller – U.S. Department of State, Declarant

Christine McClean  – Quoted in Complaint

iv

Antony L. Blinken – U.S. Department of State, Secretary of State

Michael Richard Pompeo – Former Secretary of State

ss: *David Alan Carmichael*

David Alan Carmichael, Petitioner/Appellant/Plaintiff, ECF Filer
1748 Old Buckroe Road
Hampton, Virginia  23664
(757) 320-2220

v

**23-5111**

## TABLE OF CONTENTS

Court of Appeals, District of Columbia Circuit, Panel Order of Dismissal ..............i

Certificate of Interested Persons.................................................................iv

Table of Contents ......................................................................................vi

Table of Authorities..................................................................................vii

Appellants' Joint Petition for Rehearing En Banc ..................................... 1

RFRA Is a Waiver of Sovereign Immunity.................................................. 3

Our Claim Against the People With the Pseudonym "Co-Conspirators" ................5
        Remains Without Adjudication

Summary of Immunity Issue ....................................................................... 8

Case Is Not Moot Where Damages Relief Is Due....................................... 8

Other Matters Not Waived ....................................................................... 13

**ADDENDA**

Certificate of Compliance .....................................................................A-1

(Page 7 of Total)

23-5111

## TABLE OF AUTHORITIES

**United States Constitution**

United States Constitution, Article III ................................. 2, 3, 8, 10, 11, 12
*Judiciary*

Fifth Amendment ............................................................................. 2
*Due Process*

**United States Supreme Court**

*\* Aptheker v. Secretary of State* ...................................................... 2
378 U.S. 500 (1964)

*Birdsall v. Coolidge* ...................................................................... 11
93 U.S. 64 (1876)

*Dugan v. Rank* ............................................................................. 4
372 U.S. 609 (1963)

*Ex Parte New York* ....................................................................... 4
256 U.S. 502 (1921)

*Kent v. Dulles* ............................................................................. 2
357 U.S. 116 (1958)

*Land v. Dollar*        4
330 U.S. 731 & 738 (1947)

*Larson v. Domestic & Foreign Corp.* ............................................... 4
337 U.S. 704 (1949)

*Marbury v. Madison* ................................................................. 9, 10
1 Cranch 137 (1803)

vii

*Spokeo, Inc. v. Robins* ...................................................................... 8
    578 U.S. 330 (2016)

*Trump v. United States* ................................................................... 9
    603 U.S. _____ (2024, Slip Op.)

\* *Uzuegbunam, et al., v. Preczewski, et al.* ......................... 1, 2, 3, 5, 8, 12, 13
    592 U.S. _____ (2021)

*Walling v. Mutual Wholesale Food & Supply Co.* ....................................... 11
    141 F.2d 331 (C.C.A. Minn. 1944)

**United States Court of Appeals**

*Abbot v. Bralove* ........................................................................ 2
    176 F.2d 64 (U.S. App., D.C. 1949)

*Continentaol Distilling Corp. v. Old Charter Distillery Co.* ......................... 12
    188 F.2d 614 (U.S. App. D.C. 1950)

*United States v. Trump* ............................................................... 9, 10
    91 F.4th 1173 (D.C. Cir., Feb. 26, 2024)

*Webb v. Portland Mfg. Co.* ............................................................ 13
    29 F. Cas. 506 (C.C. Me. 1838)

\* *Webman v. Federal Bureau of Prisons* ........................................... 1, 3, 4, 5
    441 F.3d 1022 (D.C. Cir., 2006)

**Courts of England Reports**

*Barker v. Green* ...................................................................... 12
    130 Eng. Rep. 237 (C. P. 1824)

*Dods v. Evans* ..................................................................... 12, 13
    143 Eng. Rep.929 (C. P. 1864)

*Hatch v. Lewis* ...................................................................... 12
    175 Eng. Rep. 1145 (N.P. 1861)

viii

*Marzetti v. Williams* ....................................................... 12
      109 Eng. Rep. 842 (K. B. 1830)

*Memphis Comm. Sch. Dist. v. Stachura* ....................................... 13
      477 U.S. 299 (1986)

## United States Statutes

Federal Tort Claims Act (FTCA) ................................................ 9

Privacy Act ..................................................................... 9

\* Religious Freedom Restoration Act (RFRA) .................... 1, 3, 4, 7, 8, 9, 11
      42 U.S.C. § 2000bb, *et seq.*

## Federal Rules of Appellate Procedure

Rule 35(c) ...................................................................... 1
      *Petition for Hearing En Banc, Time for Filing*

## Other

*Black's Law Dictionary* ...................................................... 6
      Abridged Sixth Edition by Henry Campbell Black, M.A.,
      West Publishing Co., 1991

ix

U.S. Court of Appeals, D.C. Circuit, Case no. 23-5111

**APPELLANTS' JOINT PETITION FOR REHEARING EN BANC**

1.  En banc consideration is necessary to correct the Circuit's conflict with controlling authority and the proceeding involves a question of exceptional importance.  An *en banc* ruling is necessary to apply the rule of *Uzuegunam v. Precewski,* 441 F3d 1022 (D.C. Cir, 2006), for justice to the Petitioners and to reverse the unlawful practice of the Defendants who continue to violate the rights of religiously conscientious passport applicants.

2.  May 30, 2024, this court dismissed our appeal, Doc. no. 2056948.  The Petitioners filed for rehearing, July 15, 2024, Doc. 1208643674, and the petition was denied on September 18, 2024, Doc. 1208663214.  Pursuant to Rule 40(a), FRAP, the deadline for filing a petition for hearing *en banc* is 45 days.  This petition is timely filed by Monday, November 4, 2024.

3.  Both the District Court and the Circuit Court of appeals relied upon the D.C. Circuit's erroneous ruling in *Webman v. Federal Bureau of Prisons*, 441 F3d 1022 (D.C. Cir, 2006) where they held that the Religious Freedom Restoration Act excludes damages relief.   Our appeal brief, p. 17 of 48, is correct where we said, "In the case of *Uzuegbunam, et al., v. Preczewski, et al*., the Supreme Court declared that the Government's discontinuance of a challenged policy did not leave the injured party without standing to sue.  Nominal money relief is available even where an amount of compensatory damages cannot be proved, satisfying the

1

redressability necessary for Article III standing where a plaintiff's claim is based on a completed violation of a legal right. *Uzuegbunam, et al., v. Preczewski*, et al., 141 S.Ct. 792, 797-802 (2021)" (23-5111, Doc. #2036576, pp. 16-17, ¶s 20.). Both the District Court and the Circuit Court ignored our demand that they apply the rule of *Uzuegbunam*.

4.    Neither the District Court nor the Circuit Court can be excused for not applying the rule of *Uzuegbunam* when it was presented to them.

> Court of Appeals has power not only to correct error in judgment under review, but to make such disposition of case as justice requires, and in determining what justice does require, court is bound to consider any change, either in fact or in law, which has supervened since judgment was entered. *Abbot v. Bralove*, 176 F.2d 64, 85, U.S. App. (D.C. 1949)

5.    The appeal brief explained that the unlawful revocation and denials of our passports caused us to be in a state of *writ ne exeat republica* without due process in violation of our constitutionally protected rights (Appeal Brief, 23-5111, Doc. #2036576, p. 9., ¶ 26).

> The United States of America -  "The right to travel is a part of the `liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment. . . . Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage. Travel abroad, like travel within the country, . . . may be as close to the heart of the  individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." *Aptheker v. Secretary of State* at 505-506 citing *Kent v. Dulle*s, 357 U.S. 116 at 125-126. . . . "The substantiality of the restrictions cannot be doubted.  The Denial of a passport, given existing domestic and foreign laws, is a severe restriction upon, and in effect a prohibition against, world-wide foreign travel." *Aptheker* at 507

6. We used the term "co-conspirators" in our complaint to describe those in their individual capacity that violated the constitution and statutory laws of the United States to our injury. That is a case and controversy for Article III jurisdiction, and for the remaining monetary relief that is due. Even if the Circuit Court were correct in its reliance upon *Webman v. Federal Bureau of Prisons*, 441 F.3d 1022 (D.C. Cir. 2006), saying that the United States as a party is not liable for money damages under RFRA, the co-conspirator tortfeasors acting under the color of law are liable for money damages.

### RFRA IS A WAIVER OF SOVEREIGN IMMUNITY

7. When reading *Webman v. Fed. Bureau of Prisons¸* 441 F.3d 1022 (D.C. Cir., 2006), cited by the Circuit Court, it appears that the Circuit Court was wrong about RFRA not waiving sovereign immunity regarding money damages. The dissenting judge in *Webman* expressed the logic that if injunctive relief is considered "appropriate relief" then other relief in the form of money is contemplated. The Supreme Court took that logic further and made it the rule in *Uzuegbunam* which appropriately supplants the D.C. Circuit's ruling in *Webman*.

8. We briefed this in our reply to the government's response to our appeal brief, and the Circuit Court evaded addressing the merits of our position on pages 5-7 of our Appellants' Reply. We initiated the discussion where we pointed out that the District Court had to take jurisdiction over the otherwise Sovereign United

3

States when the District Court ordered the United States to issue Lewis's passport.

(Appellant Reply, 23-5111, Doc. #2044643, pp. 5-6, ¶14)

> The general rule is that a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," *Land v. Dollar,* 330 U. S. 731, 330 U. S. 738 (1947), or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act." *Larson v. Domestic & Foreign Corp., supra*, at 337 U. S. 704; *Ex parte New York*, 256 U. S. 490, 256 U. S. 502 (1921). *Dugan v. Rank*, 372 U.S. 609, 621 (1963)."" (Appellant Reply, 23-5111, Doc. #2044643, pp. 5-6, ¶15)

9.    We went on to address the government's argument regarding the *Webman*

rule.  We pointed out that the District Court and the government Defendant did not

deny that RFRA's "appropriate relief" provided injunctive relief described by

*Dugan*, at 621.  We then addressed the Circuit Court's *Webman* decision pointing

our that its interpretation of RFRA's application of "appropriate relief" argued

against its position that RFRA does not waive Sovereign immunity:

> "16.  Nobody denies that RFRA's "appropriate relief" provides injunctive relief described by *Dugan* at 621, citing Larson as "to restrain the Government from acting, or to compel it to act", which is described as "interfere with the public administration" in *Dugan* at 621 citing Land. The D.C. Circuit admits "No one disputes that BOP and other arms of the federal government may be sued for at least some forms of relief under RFRA. *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1025 (D.C. Cir., 2006). Without any justification from the words in the RFRA, the *Webman* court said, "We therefore hold that RFRA does not waive the federal government's sovereign immunity for damages." Id. at 1027. Circuit Judge Tatel showed the illogic of the *Webman* opinion and the reasonable logic of why the RFRA's appropriate relief includes damages as appropriate relief against the government Sovereign. ""Interpreting such a statute to authorize only equitable relief would make little sense: . . . It thus makes no difference that the hypothetical statute does not expressly authorize damages, for the type of

4

injury the statute addresses makes clear that damages are "appropriate."" *Webman* at 1027." (Appellant Reply, 23-5111, Doc. #2044643, p. 6, ¶16)

10.  The Circuit Court just completely ignored our substantive argument that indicates *Webman* is overturned by the overruling Supreme Court decision in *Uzuegbunam v. Preczewski*.  We said:  "The complaint read as a whole, shows that damages relief was pled.  It is owed by the Sovereign, or the "co-conspirators" or both."  (Appellant Reply, 23-5111, Doc. #2044643, p. 6, ¶17)

## OUR CLAIM AGAINST THE PEOPLE WITH THE PSEUDONYM "CO-CONSPIRATORS" REMAINS WITHOUT ADJUDICATION

11.  Our complaint, several memoranda, and our appeal filings pointed out that we filed a case against a person whose name could not be known without the process of discovery.  We listed Mr. Pompeo in his "official" capacity but we also named co-conspirators that did not have a name, nor were identified as in an official capacity.  We understood at the writing of the complaint that the general opinion of courts is that Mr. Pompeo is immune from liability when acting in his official capacity.  The United States, by act of Congress in the Federal Tort Claims Act might be liable should we be injured by a wrong act that was performed by Mr. Pompeo or his delegate who acted in their ministerial official capacity.   However, if one of Mr. Pompeo's employees acts merely under the color of their office, violating the law, willingly and knowingly injuring us in our life, liberty and other rights, they are liable for damages to provide us compensation and other relief.  We

5

understood that the United States, and Mr. Pompeo acting for the United States, is

perfect.  They are the law.  They cannot violate the law in their official capacity

since their acts are a function of the powers established pursuant to the

Constitution of the United States of America.

12. The "co-conspirators" cannot be acting on behalf of the United States or

Mr. Pompeo in his official capacity but are acting only under the color of their

office.  The definition of conspirators is "persons partaking in conspiracy."[1]  The

definition of conspiracy is:  A combination or confederacy between two or more

persons formed for the purpose of committing, by their joint efforts, some unlawful

or criminal act, or some act which is lawful in itself, but becomes unlawful when

done by the concerted action of the conspirators, or for the purpose of using

criminal or unlawfully means to the commission of an act not in itself", *Idem*.

Now that we've had five years of on-the-fly 'introduction to legal writing' we

would plainly use the preface "not-in-their-official-capacity-conspirators" rather

than just presuming that everyone, especially the legal-expert court understands

that a conspirator cannot be acting in an official capacity.  After hearing words

used in oral arguments in the D.C. and Ninth Circuits, we might use the term

"tortfeasors."  We will hereinafter make sure that we spell out "in their individual

capacity."  None-the-less, we sufficiently raised the claim in our complaint and

---

[1] *Black's Law Dictionary,* Abridged Sixth Edition by Henry Campbell Black,
M.A., West Publishing Co., 1991

other filings that declared the meaning and intent of our words that were ignored by both courts.

13.  In the Circuit Court, our Statement of Issues to Be Raised, 23-5113, Doc. # 2004141, evinces that ours is a complaint against tortfeasors who are subject to damages liability in their individual capacity where we said:

a.   "Discovery needs to be compelled to expose the malevolent, name-cloaked actors for damages liability and judgment on the merits" (*Idem*, p.3, ¶3. g.).

b.   ""5. e. Compensatory, punitive, or nominal damages are due each ofthe Appellants from either the United States or those in their personal capacity, referred to as "co-conspirators" whose names are cloaked thus far."" (*Idem*, p. 4, ¶5. e.)

c.   "Damages are due from private individuals as well as the United States." (*Idem,* p. 4, ¶7.)

d.   "Each day of unlawful restraint, being denied a passport in violation of law, without lawful justification, by knowing, willful, negligent and malevolent conduct, and knowingly false statements to the court, using the color of lawful agency action as merely a means to legislate by bureaucrat, constitutes consecutive injuries for the sake of particular damages suffered by each Appellant and due them for various types of appropriate damages relief." (*Idem*, p. 11, ¶20.)

14. In the Appeal brief, 23-5111, Doc. #2036576, we said:

a.   "The case is not moot since: a) Adjudication and damages relief remains owed under RFRA;" (Idem, p. 1, ¶3. a))

b.   "The complainants used the term co-conspirators to indicate tortfeasors liable for damages in their individual capacity since their actual names were cloaked by pseudonyms such as p. 2 of 48 Customer Service Department." (*Idem,* p. 1, ¶3. e))

7

15.   Whether or not we can obtain compensation up to five hundred thousand dollars as we complained, we are owed at least one dollar $1.00 as nominal damages under RFRA according to the United States Supreme Court.  Both courts failed to address that issue squarely put to them.  The appeal brief opening summary stated:  ""Damages were demanded in the complaint.  The complainants used the term "co-conspirators" for the tortfeasors whose names were cloaked with pseudonyms such as "Customer Service Department." Money damages, including nominal, is "appropriate relief" under RFRA according to Uzuegbunam, et al., v. Preczewski, p. 15 of 48 592 U.S. ___ (March, 2021).""  (Idem, p. 14, ¶ 40.)

### Summary of Immunity Issue

16.   We made allegations in the complaint, reiterated them in our filings, and the Defendants demonstrated even without discovery that their actions fulfilled the rule of *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016):  that we are injured in fact, that the injury is traceable to the challenged conduct, and that money damages is likely to redress that injury, even if it is nominal.  The "irreducible constitutional minimum" of Article III standing is satisfied.  *Ibid*, at  338.  The appeal brief showed where it was argued extensively in our District Court filings (Appeal brief, 23-5111, Doc. #2036576, pp. 15-16, ¶s 41-44.).  Just like the District Court, the Circuit Court is silent.

8

## CASE IS NOT MOOT WHERE DAMAGES RELIEF IS DUE

17.   In our complaint, and other filings in both courts, we alleged that the tortfeasors' actions were intentional, willful, malevolent, with hostility, and were causal to the violations of law, where the Religious Freedom Restoration Act, the Privacy Act, and the Federal Tort Claims Act, provide remedy and relief.  (Am. Comp., ¶¶ 95, 108, 109, 110, 111, 112, Amend. Two ¶ 1., 2., 13, 18., 19, 20, 21, 25; 116, 118, 119, 124.f.-k, , 119, 125. 128, 140)(Appx. 107; 110-112; 116; 120-121; 126-127; 131-134; 137).  We said, "The Defendants' were **not** entitled to the grant of their motions for dismissal or summary judgment as a matter of law, fact, and due process (ECFs 44/45, 124/125, 149/150)(Appx. 1-70) since damages relief is due.  Culpability and relief will be proved upon completion of discovery. Review is *de novo.*"  On July 1, 2024, Supreme Court Chief Justice Roberts quoted the D.C. Circuit in the case of *United States v. Trump,* 91 F.4[th] 1173, saying:

> Citing Marbury v. Madison, 1 Cranch 137 (1803), the court distinguished between two kinds of official acts: discretionary and ministerial. 91 F. 4th, at 1189–1190. It observed that "although discretionary acts are 'only politically examinable,' the judiciary has the power to hear cases" involving ministerial acts that an officer is directed to perform by the legislature. Ibid. (quoting Marbury, 1 Cranch, at 166). *Trump v. United States*, 603 U.S. _____ (2024, Slip Op.)

18.   Specifically, the D.C. Circuit's opinion in United States v. Trump, citing *Marbury v. Madison*, explained that immunity does not apply when the government officer fails to act lawfully when they have a duty to act and there is

9

injury to the person who suffers from the unlawful behavior of the government

officer:

> Marbury distinguished between two kinds of official acts: discretionary
> and ministerial. As to the first category, Chief Justice Marshall
> recognized that "the President is invested with certain important
> political powers, in the exercise of which he is to use his own discretion,
> and is accountable only to his country in his political character, and to
> his own conscience." *Marbury*, 5 U.S. (1 Cranch) at 165-66. When the
> President or his appointed officers exercise discretionary authority,
> "[t]he subjects are political" and "the decision of the executive is
> conclusive." Id. at 166. Their discretionary acts, therefore, *1190 "can
> never be examinable by the courts." Id. "But," Chief Justice Marshall
> continued, "when the legislature proceeds to impose on that officer other
> duties; when he is directed peremptorily to perform certain acts; when
> the rights of individuals are dependent on the performance of those acts;
> he is so far the officer of the law; is amenable to the laws for his
> conduct; and cannot at his discretion sport away the vested rights of
> others." Id. (emphases added). Under these circumstances, an executive
> officer acts as a "ministerial officer... compellable to do his duty, and if
> he refuses, is liable to indictment." Id. at 150; see id. at 149-50 ("It is
> not consistent with the policy of our political institutions, or the manners
> of the citizens of the United States, that any ministerial officer having
> public duties to perform, should be above the compulsion of law in the
> exercise of those duties."). Based on these principles, Chief Justice
> Marshall concluded that, although discretionary acts are "only
> politically examinable," the judiciary has the power to hear cases
> "where a specific duty is assigned by law." Id. at 166. *Marbury* thus
> makes clear that Article III courts may review certain kinds of official
> acts — including those that are legal in nature. *United States v. Trump*,
> 91 F.4[th] 1173, 1189-1190 (D.C. Cir. Feb. 26, 2024)

19. If, according to *Marbury* and the D.C. Circuit, the officer upon whom our

rights are dependant violates the Constitution, statutes, regulations and the

agencies written policies is "liable to indictment", he is therefore liable to civil

damages for the same unlawful act. If by discovery, the tortfeasors "co-

10

conspirators" can show that they were not flagrantly violating the law but were merely carrying out edicts that themselves were unconstitutional, then the United States is responsible for compelling them to injure us, then the United States is liable for money damages that we claimed for appropriate relief under RFRA.

> Damages are given as a compensation, recompense, or satisfaction to the plaintiff, for an injury actually received by him from the defendant. 2 Greenl. Ev. (10th ed.) sect. 253. *Birdsall v. Coolidge*, 93 U.S. 64 (1876)

20.    The remedial RFRA's use of the broad term "appropriate relief" means damages payments are available for an injury-in-fact by the United States through its agents acting in their official capacity, or by its agents who are liable in their private capacity for their unlawful acts done under the color or law. Carmichael's being stripped of his right to travel without warrant of law is an Article III injury. Being stripped of his right to travel without notice of their government's intention to do so is an Article III injury. An opportunity to move for injunction would have kept the injury from occurring. The cowardly *Pearl Harbor* type notice of war (revocation) after the attack is un-American. It is in the public interest to have the unlawful acts fully adjudicated.

> The discontinuation of an illegal practice by going out of business, or otherwise, after institution by a public agency of a proceeding to prevent future violations of law does not make question"moot," where there is need for a determination of a question of law to serve as a guide to the public agency in future similar matters, and where there has been a decision in lower court which may be used as a precedent in future activities of such public agency. *Walling v. Mutual Wholesale Food & Supply Co.*, 141 F.2d 331 (C.C.A. Minn. 1944)

11

21.  In the case of *Uzuegbunam, et al., v. Preczewski, et al.,* the Supreme Court

declared that the Government's discontinuance of a challenged policy did not leave

the injured party without standing to sue.  Nominal money relief is available even

where an amount of compensatory damages cannot be proved, satisfying the

redressability necessary for Article III standing where a plaintiff's claim is based

on a completed violation of a legal right. *Uzuegbunam, et al., v. Preczewski*, et al.,

141 S.Ct. 792, 797-802 (2021)

> The United States Court of Appeals for the District of Columbia Circuit
> is bound by the rulings of the United States Supreme Court.  *Continental
> Distilling Corp. v Old Charter Distillery Co.*, 188 F.2d 614 (U.S. App.
> D.C. 1950)

22.  Nominal damages are "appropriate relief" if other monetary relief

demanded is not provable, ECF 51, ¶s 143-148 (Appx. 139).

> Later courts, however, reasoned that *every* legal injury necessarily
> causes damage, so they awarded nominal damages absent evidence of
> other damages (such as compensatory, statutory, or punitive damages),
> and they did so where there was no apparent continuing or threatened
> injury for nominal damages to redress. See, *e.g., Barker v. Green,* 2 Bing.
> 317, 130 Eng. Rep. 327 (C. P. 1824) (nominal damages awarded for 1-
> day delay in arrest because "if there was a breach of duty the law would
> presume some damage"); *Hatch v. Lewis,* 2 F. & F. 467, 479, 485-486,
> 175 Eng. Rep. 1145, 1150, 1153 (N. P. 1861) (ineffective assistance by
> criminal    defense    attorney    that    does    not    prejudice    the
> client); *Dods* v. *Evans,* 15 C. B. N. S. 621, 624, 627, 143 Eng. Rep. 929,
> 930-931 (C. P. 1864) (breach of contract); *Marzetti* v. *Williams,* 1 B. &
> Ad. 415, 417-418, 423-428, 109 Eng. Rep. 842, 843, 845-847 (K. B.
> 1830) (bank's 1-day delay in paying on a check); *id.,* at 424, 109 Eng.
> Rep., at 845 (recognizing that breach of contract could create a
> continuing injury but determining that the fact of breach of contract by

12

itself justified nominal damages). *Uzuegbunam, et al., v. Preczewski*, et al., 141 S.Ct. 792, 798 (2021). \*\*\*

Applying what he called Lord Holt's "incontrovertible" reasoning, Justice Story explained that a prevailing plaintiff "is entitled to a verdict for nominal damages" whenever "no other [kind of damages] be proved." *Webb v. Portland Mfg. Co.,* 29 F.Cas. 506, 508-509 (No. 17,322) (CC Me. 1838). Because the common law recognized that "every violation imports damage," Justice Story reasoned that "[t]he law tolerates no farther inquiry than whether there has been the violation of a right." *Ibid.* Justice Story also made clear that this logic applied to both retrospective and prospective relief. *Id.,* at 507 (stating that nominal damages are available "wherever there is a wrong" and that, "[a] fortiori, this doctrine applies where there is not only a violation of a right of the plaintiff, but the act of the defendant, if continued, may become the foundation, by lapse of time, of an adverse right"). *Uzuegbunam, et al., v. Preczewski*, et al., 141 S.Ct. 792, 798

23.  Nominal damages are appropriate relief by default.

They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory damages. See, *e.g., Dods,* 15 C. B. N. S., at 621, 627, 143 Eng. Rep., at 929, 931 (prevailing plaintiff entitled to nominal damages as a matter of law even where jury neglected to find them); see also *Stachura,* 477 U.S. at 308, 106 S.Ct. 2537 (rejecting the argument that courts could presume, without proof, damages greater than nominal). *Uzuegbunam,* at 800

## OTHER MATTERS NOT WAIVED

24.  We did not waive anything. The Circuit Court had a duty to do justice on the entire record. Word counts and presumed incompetence constrained our being able to raise our issue on Appeal in anymore than merely a skeletal way. Not being able to show by authenticated evidence is fruit of the unwarranted indiscretion of denying our demands for discovery. The vacating the dismissals is

13

process, for the purpose of proving our case, in order to reach a substantive

judgment and damages, will provide the relief that we are due and will likely

decrease the number of those continued to be injured by the Defendants' lawless

conduct.

David Alan Carmichael
1748 Old Buckroe Road
Hampton, Virginia (23664)

Lawrence Donald Lewis
966 Bourbon Lane
Nordman, Idaho (83848)

14

United States Court of Appeals, D.C. Circuit
23-5111

# C E R T I F I C A T E   O F   C O M P L I A N C E

Petitioner David Alan Carmichael hereby certifies that the form of the petition complies with the Rules of Appellate Procedure, in 14 point font, Times New Roman, with margins of 1 inch, and the word count being under 3900, 3893 exactly according to the Microsoft Word word-count feature, excluding signatory identification and certification.

Under penalty of perjury pursuant to the laws of the United States

*David Alan Carmichael*              *October 30, 2024*

David Alan Carmichael

A-1